UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

PEGGY L. EDWARDS,

       Plaintiff

v.                                Civil Action No.: 2:04-1179

JO ANNE BARNHART,
Commissioner of
Social Security,

       Defendant


MEMORANDUM OPINION AND ORDER


      This matter is before the court pursuant to Rule 72(b) of the Federal Rules of Civil Procedure on plaintiff's objections to the proposed Findings and Recommendation of United States Magistrate Judge Mary E. Stanley, entered November 1, 2005.


I.


      In conducting its de novo review, the court does not recite the comprehensive factual and procedural background assembled by the magistrate judge.  The proposed findings and recommendation are supplemented only where necessary.

      Plaintiff Peggy L. Edwards, approximately 55 years old, filed her application for disability insurance benefits on April

4, 2003, alleging disability as of June 30, 1999, due to back and knee pain and stomach ailments.  A hearing was conducted on plaintiff's claim on May 25, 2004, subsequent to which the administrative law judge ("ALJ") issued a decision dated June 25, 2004, finding that plaintiff was not entitled to benefits.  The decision became final on September 9, 2004, after the Appeals Council denied plaintiff's request for review.

On November 1, 2004, plaintiff instituted this action seeking judicial review of the administrative decision pursuant to 42 U.S.C.A. § 405(g).  The sole issue before the court is whether the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying plaintiff's claim for benefits is supported by substantial evidence.  <u>See</u> 45 U.S.C.A. § 405(g); <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996).  The magistrate judge, in her findings and recommendation, concluded that the ALJ's decision was supported by substantial evidence, and recommended that the Commissioner's decision denying plaintiff benefits be affirmed.

Plaintiff filed her objections on November 14, 2005, contending (1) the ALJ failed to find certain impairments severe, (2) her subjective pain complaints should have been fully credited, and (3) the hypothetical question crafted by the ALJ failed to include a comprehensive description of her impairments.

2

II.


A.    The Severity of Plaintiff's Alleged Impairments


        Plaintiff contends the ALJ erred in not treating as
severe impairments her knee and bladder problems, abdominal
hernia, blood pressure, and mood disorder.[1]  The Supreme Court
recently observed, consistent with the governing regulations,
that a severe impairment is "any impairment or combination of
impairments which significantly limit[] [the claimant's] physical
or mental ability to do basic work activities."  Barnhart v.
Thomas, 540 U.S. 20, 24 (2003)(emphasis added).

        Regarding her knee problems, the ALJ noted plaintiff's
surgery in 1993 and her treating physician's observation, just
one week later, that it "was healing nicely."  (Admin. Rec. at
16).  After that initial visit following surgery, plaintiff
skipped her remaining follow-up appointments.  Ten years later,
plaintiff was evaluated by Nilima Bhirud, M.D.  During that

---

        [1]In one brief paragraph, plaintiff similarly faults the ALJ
for not treating her skin and bowel conditions as severe
impairments.  The three sentences plaintiff offers to counter the
finding are, however, an insufficient basis upon which to reverse
the determination.

evaluation, Dr. Bhirud noted some tenderness in the knees, but further noted plaintiff had normal range of motion, no swelling, and a normal gait.

Next, the ALJ observed that Dr. Bhirud found a large abdominal hernia in plaintiff's upper abdomen on June 25, 2003. Plaintiff previously had hernia repair surgery in 1997. Her treating physician offered his post-operative observation that plaintiff presented no further, major complaints at the time. The ALJ noted additionally that, since March 2001, no medical records showed complaints or treatment for the condition.

Regarding her hypertension, the ALJ appears to have closely examined plaintiff's medical records and the results of her blood pressure testing from December 3, 2001, through October 14, 2003. His conclusion, fully supported by the record, was that her condition is controlled with medication.

Regarding plaintiff's mood disorder, the magistrate judge correctly observed plaintiff's self-reported information, as recounted by the ALJ, that she has never been treated for a mental condition nor prescribed psychotropic medications. Further, the ALJ reduced plaintiff's capacity to take account of the need for simple, repetitive, and unskilled work.

**4**

Regarding plaintiff's bladder condition, the ALJ made two significant findings.  First, the ALJ noted Dr. Bhirud's statement in her July 8, 2003, report that plaintiff "denies any urinary problems."  (Admin. Rec. at 191).  Second, the ALJ stated as follows:

> The claimant alleges disability in part because of bladder problems.  On November 20, 2001, Dr. Jeffrey diagnosed urinary tract infection. (Exhibit 5F, page 7).  On October 4, 2003, Dr. Jeffrey indicated that Ms. Edwards had recurrent urinary tract infection. (Exhibit 18F, page 5).  At the hearing Ms. Edwards testified that she used a catheter to empty her bladder.  The record shows that Dr. Jeffrey prescribed French catheter for the claimant as a result of urinary incontinence.  (Exhibit 13F).  Accordingly, it appears this is a medically determinable impairment.  However, the undersigned finds the condition is managed and has not resulted in any significant limitation in her ability to do basic work activities; and its, therefore, a non-severe impairment (20 C.F.R. 404.1521 and SSR 96-3p).

(Admin. Rec. at 17) (emphasis added).

Although plaintiff testified that she is required to catheterize herself between four to seven times per day, requiring 15 to 20 minutes on each occasion, there is little to suggest that this condition satisfies the regulatory definition.

Inasmuch as none of the foregoing conditions have been shown to rise to the level of a severe impairment, alone or in combination, that significantly limits plaintiff's physical or mental ability to do basic work activities, the ALJ did not err.

5

B.    Plaintiff's Subjective Pain Complaints


        Plaintiff contends her hearing testimony should have

been fully credited by the ALJ.  Specifically, plaintiff asserts

the ALJ (1) improperly penalized her for receiving unemployment

compensation following the onset date, (2) erroneously found she

endured the hearing without distress, although counsel noted for

the record his client was shifting and changing positions to deal

with her pain, and (3) failed to specify the inconsistencies in

her testimony concerning her daily living activities.

        As noted by the magistrate judge, the ALJ made the pain

findings required by the regulations and governing authority.

Further, in answer to plaintiff's dissatisfaction with the

credibility findings, the magistrate judge has responded

appropriately, and at length, to each concern.  There is,

accordingly, no basis to disturb the ALJ's pain and credibility

findings.


C.    The Hypothetical Question


        Plaintiff contends that the hypothetical question

propounded by the ALJ did not include a comprehensive listing of

her impairments.  Plaintiff faults the ALJ for, <u>inter alia</u>, not

including (1) her concentration problems, frequent breaks to

accommodate her bowel and urinary conditions, and her asserted

moderate to severe pain, and (2) a sit/stand option.

     As correctly observed by the magistrate judge, a

hypothetical question may properly omit non-severe impairments.

<u>See</u> <u>Benenate v. Schweiker</u>, 719 F.2d 291, 292 (8th Cir. 1983).

Taking this principle into account, along with the ALJ's

credibility findings, the limitations supported by substantial

evidence were included within the ALJ's hypothetical.


                              III.


     For the reasons stated, and having reviewed the record

<u>de</u> <u>novo</u>, the court adopts and incorporates herein the magistrate

judge's proposed findings and recommendation in their entirety.

It is ORDERED that plaintiff's motion for judgment on the

pleadings be, and it hereby is, denied; defendant's motion for

judgment on the pleadings be, and it hereby is, granted; and the

final decision of the Commissioner be, and it hereby is,

affirmed.


                               **7**

The clerk is directed to forward copies of this written opinion and order to all counsel of record and the United States Magistrate Judge.

DATED: February 27, 2006

John T. Copenhaver, Jr.
United States District Judge